IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 9 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| ALBERTO RODRIGUEZ, | § |
| Plaintiff, | § § § |
| v. | §  CIVIL ACTION NO. B-07-113 |
| THE PICTSWEET COMPANY, | § § § |
| Defendant. | § |

## OPINION & ORDER

BE IT REMEMBERED that on May 9, 2008, the Court **GRANTED** Defendant The Pictsweet Company's Motion for a Mental Examination of Plaintiff Alberto Rodriguez, Dkt. No. 28. The Court **DENIED** Plaintiff's requests contained in Plaintiff's Memorandum in Partial Opposition to Defendant's Motion for a Mental Examination of Plaintiff Alberto Rodriguez, Dkt. No. 30. This Court considered Defendant's motion, Dkt. No. 28, Plaintiff's Memorandum, Dkt. No. 30, and Defendant, the Pictsweet Company's, Reply Memorandum to Plaintiff's Memorandum in Partial Opposition to Defendant's Motion for a Mental Examine of Plaintiff Alberto Rodriguez, Dkt. No. 34.

I.  **Background**

Plaintiff, Alberto Rodriguez, sued Defendant, the Pictsweet Company, for negligence after Plaintiff sustained injuries from a bin that fell from a forklift operated by Defendant's employee. Dkt. No. 1. Plaintiff requested damages for "[m]edical expenses, past and future; [l]ost wages and lost earning capacity, past and future; [p]hysical impairment, past and future; [p]ain and suffering, past and future; . . . [m]ental anguish, past and future," and "disfigurement in the past and future." *Id.* at 3. Plaintiff asserted that he suffered "a concussion, a brain injury, and a herniated disc." *Id.* at 2.

1

In the instant motion, Defendant requests that this Court order Plaintiff to submit to an independent medical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Dkt. No. 28. Plaintiff concedes that the *Schlagenhauf* factors warrant an examination. Dkt. No. 30, at 1. Plaintiff's mental condition is in controversy and there is good cause for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). However, Plaintiff the objects to the circumstances of the medical exam. Dkt. No. 30.

## II. Rule 35 Examination

Defendant moved for a Rule 35 medical examination of Plaintiff arguing that the nature of the claim and the damages requests justified the examination and provided "good cause" for the motion. Dkt. No. 28. Rule 35 of the Federal Rules of Civil Procedure provides that, "[t]he court . . . may order a party whose . . . mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). The moving party must make the motion for "good cause" and "must specify the time, place, manner, conditions, and scope the examination, as well as the person or persons who will perform it." *Id.* at 35(a)(2)(A),(B).

## III. Plaintiff's Requests

Plaintiff requests that (1) the Rule 35 examination be recorded or conducted in the presence of an attorney, (2) the results of the examination be provided to Plaintiff within three (3) days of the examination, (3) the examination be conducted by only Dr. Arambula, and (4) Defendant request no further examinations of Plaintiff. Dkt. No. 30, at 2. Defendant objects to Plaintiff's requests. Dkt. No. 34.

Plaintiff first requests that the Rule 35 examination be video or audio taped. Dkt. No. 30, at 2. In the alternative, Plaintiff requests that the examination be conducted in the presence of counsel. *Id.* Defendant cites two cases in support, Gavenda v. Orleans Co., 174 F.R.D. 272, 274 (W.D.N.Y. 1996) and Zabkowicz v. West Bend Co., 585 F. Supp. 635 (E.D. Wis. 1984). *Id.* at 3-4.

The *Zabkowicz* case is distinguishable and unpersuasive. In a very brief opinion, the district court holds that pursuant to Rule 37, an expert is not neutral and therefore

should not be allowed to interview a plaintiff without the presence of counsel or a recording device. While the Fifth Circuit favorably cited *Zabkowicz*, the Circuit Court explained, "[t]he federal rules are clear that, *except for interviews permitted under Rule 35*, interviews are allowed only in the presence of counsel. Acosta v. Tenneco Oil Co., 913 F.2d 205 (5th Cir. 1990) (addressing whether counsel may be present during an interview of a plaintiff by a vocational rehabilitation expert) (emphasis added).

Moreover, courts across the country are split as to permitting counsel to be present during Rule 35 mental examinations. *See* Ayat v. Societe Air France, No. C 06-1574 JSW JL, 2007 WL 1120358, at *7 (N.D. Cal. 2007); Holland v. U.S., 182 F.R.D. 493, 495 (D.S.C. 1998); Galieti v. State Farm Mutual Automobile Insurance Co., et. al, 154 F.R.D. 262, 263 (D. Colo. 1994); Tomlin v. Holeck, 150 F.R.D. 628, 631 (D. Minn. 1993). These cases purport that a majority of cases do not permit a recording device or counsel to be present during a Rule 35 mental examination. *Ayat*, 2007 WL 1120358, at *7-8; *Holland*, 182 F.R.D. at 495; *Galieti*, 154 F.R.D. at 263-65; *Tomlin*, 150 F.R.D. at 631.

The Courts in *Ayat* and *Tomlin* reasoned that permitting counsel to be present or the recording of the examination might impermissibly interfere with a neutral examination. *Ayat*, 2007 WL 1120358, at *8; *Tomlin*, 150 F.R.D. at 631. The *Galieti* Court asserted that the burden of persuasion was on the party requesting the presence of counsel or the recording of the examination. 154 F.R.D. at 265. This Court holds that as the presence of counsel or a recording device may interfere with a Rule 35 mental examination, the requesting party must persuade the court that such requests are necessary.

This Court is not persuaded that Plaintiff's requests are necessary. Plaintiff argues that because Dr. Arambula has made "numerous outrageous and unsupported opinions" and excluded some relevant trial experience from his deposition answer, he therefore cannot be an impartial examiner. Dkt. No. 3. No statement by Dr. Arambula in the depositions provided by Plaintiff indicates that he would be prejudiced against Plaintiff or biased towards Defendant. Similarly, no statement indicates that he would not conduct the mental examination professionally. Therefore, this Court does not find that the presence of counsel or a recording device is needed to assure that Dr. Arambula conducts a neutral Rule 35 mental examination.

Second, Plaintiff requests a copy of the expert report within three (3) days of the exam. This Court denies such a request. Defendant shall provide Plaintiff with the examiner's report in compliance with Rule 35(b). FED. R. CIV. P. 35(b). Defendant shall provide the report, as well as the results of any tests administered, diagnoses, and conclusions made, to Plaintiff within a reasonable time from the date he receives said data. This Court does not require that Defendant supply a copy of the report to Plaintiff within three (3) days of the examination.

Third, Plaintiff requests that the examination only be conducted *only* by Dr. Arambula. Defendant argues that the diagnostic testing, which would be performed by a psychologist in Dr. Arambula's office, Dr. Zueler, is a necessary and standard part of a complete and comprehensive evaluation of an individual's mental condition. Dkt. No. 34, at 3. While Defendant failed to articulate the tests which Dr. Arambula would need as part of his "complete and comprehensive evaluation," Defendant did request a Rule 35 mental examination of Plaintiff which would encompass the same psychological tests Plaintiff's experts conducted. *Id.* at 4-5; Dkt. No. 34, Ex. B. While this Court recognizes that Defendant should have listed with particularity the exact tests to be conducted and by whom, this Court is persuaded that Dr. Zueler should be permitted to conduct diagnostic testing as those tests were conducted by Plaintiff's experts and Dr. Arambula relies on the results from those tests when reaching his final conclusions.

Fourth, Plaintiff requests that Defendant seek no further examination of Plaintiff. Such a request is denied. This Court shall not bar Defendant from seeking further examination. Should Defendant seek further testing, it may attempt to persuade Plaintiff or this Court that further testing is necessary.

## IV.    Specifics of the Examination

This Court **ORDERS** that Plaintiff, Alberto Rodriguez, submit himself for a mental examination no later than twenty (20) days from the date of this opinion. The neurological examination will be conducted by Dr. Michael Arambula, a general and forensic psychiatrist. Dr. Arambula may perform a general diagnostic battery and

neuophysichological evaluation, a mental status evaluation, a neurophsychological evaluation, and a general psychiatric examination.

Defendant filed the instant motion on March 19, 2008. Dkt. No. 28. Plaintiff had a response deadline of April 8, 2008. However, Defendant only asserted that Dr. Arambula was available to conduct the examination before April 11, 2008. Dkt. No. 28, Ex. A at 6. Defendant's Reply on April 15, 2008 again stated that Dr. Arambula would conduct the examination, but did not list available dates. Dkt. No. 34. Both parties agree to allow the Court to articulate a specific date and time for the examination; however, neither party offers this Court any guidance at to feasible dates and times. Therefore, this Court **ORDERS** that Plaintiff submit himself for an examination by Dr. Arambula within twenty (20) days of the date of this Order.

## V.    Conclusion

WHEREFORE, the Court **GRANTS** Defendant The Pictsweet Company's Motion for a Mental Examination of Plaintiff Alberto Rodriguez, Dkt. No. 28, and **DENIES** Plaintiff's requests contained in Plaintiff's Memorandum in Partial Opposition to Defendant's Motion for a Mental Examination of Plaintiff Alberto Rodriguez, Dkt. No. 30.

DONE at Brownsville, Texas, on May ___, 2008.

Hilda G. Tagle
United States District Judge